## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| WILLIAM SITAR | : |
|         Plaintiff | : |
| v. | : |
| | :   Civil Action No.: |
| JOSEPH PATRICK CLANCY, M.D.; | : |
| SOUTHERN OCEAN COUNTY | : |
| PRIMARY CARE ASSOCIATES, LLC | : |
| AND/OR JOHN DOE EMPLOYERS #1-15 | : |
| (fictitious names); JANE DOES #1-15 | : |
| (fictitious names) | : |
|         Defendant | : |

### COMPLAINT & JURY DEMAND

WILLIAM SITAR, resident of Barto, Pennsylvania, by way of Complaint and Jury Demand against defendants says:

### THE PARTIES

1. At all times material hereto, plaintiff, William Sitar, was, and is, a citizen and domiciliarly of the Commonwealth of Pennsylvania, residing in Barto, Pennsylvania.

2. At all times material hereto, defendant Joseph Patrick Clancy, M.D. was, and is, a citizen of the State of New Jersey and a medical doctor licensed to practice in and within the State of New Jersey engaged in the practice of family medicine in and through defendant Southern Ocean County Primary Care Associates, LLC located at 382 W. 9th Street, Beach Haven, Ocean County New Jersey and/or John Doe Employers #1-15 and/or each of them.

3. At all times material hereto, defendant Southern Ocean County Primary Care Associates, LLC was a corporation, partnership or other business entity licensed to provide medical services through its agents, servants and employees including the individual name defendants herein with offices at 382 W. 9th Street, Beach Haven, Ocean County New Jersey

1

4. At all material times hereto, defendants John Doe Employers #1-15 (fictious names) were corporations, partnerships, sole proprietorships or other business entities, however many in number, duly licensed to provide medical services by and through its agents/ servants and employees including the individual defendants named herein.

5. At all material times hereto, defendants Jane Does #1-15 (fictious names) were physicians, and/or other health care professionals, however many in number, whose identities are presently unknown, who were involved in the diagnosis, and/or treatment and/or care of plaintiff, William Sitar.

## JURISDICTION AND VENUE

6. Jurisdiction is based upon diversity of citizenship and jurdictional amount pursuant to 28 U.S.C. §§ 1332 and 1333.

    a. Plaintiff is a citizen of the Commonwealth of Pennsylvania

    b. Defendants are citizens of the State of New Jersey

    c. Plaintiff's damages are in excess of $75,000.00

7. Venue is proper in this court pursuant to 28 U.S.C. § 1391(b)(2) since a substantial part of the events or omissions giving rise to the claim occurred in this district.

## FACTS COMMON TO ALL COUNTS

8. On or about April of 2012, defendant Southern Ocean County Primary Care Associates, LLC undertook the diagnoses, care and treatment of plaintiff providing medical services as his primary care physician.

9. On or abut April of 2016 defendant Joseph Patrick Clancy, M.D undertook the care and treatment of plaintiff providing medical services as his primary care physician from such time until April 5, 2019.

10. In addition to other medications for pain, Dr. Clancy regularly prescribed prescription-strength Ibuprofen, a non-steroidal anti-inflammatory drug (NSAID) to be taken twice daily.

11. Despite seeing defendant Clancy monthly, plaintiff's last set of lab work was more than one year prior to his last office visit with Dr. Clancy.

12. In or about June 2019 plaintiff switched primary care practices.

13. Plaintiff's new primary care physician in Pennsylvania immediately ordered lab work which showed a high serum creatinine level indicating possible kidney damage and failure.

14. As a result, plaintiff was referred to a nephrologist, was ultimately hospitalized and diagnosed with NSAID nephropathy, leading to the permanent placement of nephrostomy tubes along with other treatment.

## FIRST COUNT

15. Plaintiff repeats and realleges each and every paragraph of this Complaint as if fully set forth herein.

16. In or about April 2016 and thereafter, defendant Joseph Patrick Clancy M.D. undertook the diagnosis and/or treatment and/or care of plaintiff William Sitar.

17. At the times and places aforesaid and at all times material hereto, defendant Clancy was negligent in the diagnosis and/or treatment and/or care of plaintiff.

18. As a foreseeable, direct and proximate result of the negligence of defendant Clancy as hereinbefore set forth, plaintiff William Sitar suffered significant bodily injury and otherwise sustained damages compensable under the laws of this state.

WHEREFORE, plaintiff William Sitar demands judgment against defendant Joseph Patrick Clancy, MD for damages plus interest, attorney fees and costs and such other relief the

court deems equitable and just.

## SECOND COUNT

19. Plaintiffs repeat and realleges each and every paragraph of this Complaint as if fully set forth herein.

20. On or about April of 2012 and thereafter, defendant Jane Does #1-15, and/or each of them undertook the diagnosis and/or treatment and/or care of plaintiff William Sitar.

21. At the times and places aforesaid and at all times material hereto, defendant Jane Does #1-15, and/or each of them was/were negligent in the diagnosis and/or treatment and/or care of plaintiff.

22. As a foreseeable, direct and proximate result of the negligence of defendants Jane Does #1-15 hereinbefore set forth, plaintiff William Sitar suffered significant bodily injury and otherwise sustained damages compensable under the laws of this state.

WHEREFORE, plaintiff William Sitar demands judgment against defendant Jane Does #1-15, individually, jointly, severally and in the alternative for damages plus interest, attorney fees and costs and such other relief the court deems equitable and just.

## THIRD COUNT

23. Plaintiffs repeat and realleges each and every paragraph of this Complaint as if fully set forth herein.

24. At all times and places aforesaid and all times material hereto, defendants Clancy, and Jane Does #1-15, and/or each of them., were acting as the agents and/or servants and/or employees of defendant Southern Ocean County Primary Care Associates, LLC and/or John Doe Employers #1-15 and/or each of them.

25. Defendant Southern Ocean County Primary Care Associates and/or John Doe

Employers #1-15 is/are liable for the acts and omissions of its/their agents, servants and employees under the doctrine of *respondeat superior* and was/were itself/themselves negligent.

WHEREFORE, plaintiff William Sitar demands judgment against defendants Southern Ocean County Primary Care Associates and John Doe Employers #1-15 individually, jointly, severally and in the alternative for damages plus interest, attorney fees and costs and such other relief the court deems equitable and just.

>WILLIAMS CEDAR LLC
>
>BY:   */s/ Kevin Haverty*
>     Kevin Haverty, Esquire
>     Attorney for Plaintiff

DATED:     July 7, 2020

## JURY DEMAND

TAKE NOTICE that plaintiff demands trial by jury as to all issues herein.

>WILLIAMS CEDAR LLC
>
>BY:   */s/ Kevin Haverty*
>     Kevin Haverty, Esquire
>     Attorney for Plaintiff

DATED:     July 7, 2020

## **CERTIFICATION PURSUANT TO L. Civ. R. 11.2**

Undersigned counsel certifies that there are no actions pending involving the same subject matter of this controversy.

Undersigned counsel further certifies that there are no additional known parties who should be joined to the present action at this time.

I certify the foregoing to be true and I am aware that if an of the above is willfully false, I am subject to punishment.

> WILLIAMS CEDAR LLC
>
> BY: __/s/ *Kevin Haverty*__
>      Kevin Haverty, Esquire
>      Attorney for Plaintiff

DATED:   July 7, 2020